Should I push a button here for the clock or? No, the courtroom deputy will take care of the clock. Okay. May I please report my name is Julian Fox. I'm with Robert Chandler's office on behalf of CPI. And the issue as we see it is that the district court considered extrinsic evidence when they shouldn't have. And I might start by saying how do we know that the district court considered extrinsic evidence? I would point to several things in support that the court did do that. Probably most notably is a mention in the court's own order of the following statement. Furthermore, the fact that the parties were involved in a lawsuit in state court for a period of approximately five years, during which CPI allegedly relied on Mr. Chang's promise to pay, undermines CPI's contention that its reliance was reasonable. So it does appear that the district court was considering the credibility of the allegations of the complaint. The allegations of the complaint should have been considered true and no extrinsic evidence should have been considered. The defendant presented quite a bit of extrinsic evidence in attachments to their motion to dismiss, including a declaration from the defendant, Mr. Chang, as well as a declaration from the attorney, Mr. Hsu. And a number of things were mentioned in those declarations contradicting facts as they were set out in the complaint. And we simply believe that the facts as they were set out in the complaint must control. I have a case that I called the court's attention to. Let's see. It is Cervantes v. City of San Diego. The site is 5F 3rd, 1273. And what this case says is that equitable tolling is not properly resolved at the pleading stage. And that's the issue here is whether the statute of limitations was equitably tolled and... And tolled under California law. Right. And it should have been resolved. If the court was going to consider the extrinsic evidence, the court should have converted it to a summary judgment motion and given us adequate notice. If you win this battle, how are you going to win the war? That's a good question. I think it's a question that is too premature to answer. I think that we'll have to see how the evidence turns out after discovery has been completed and after we prepare if there's a summary judgment motion. We'll have an opportunity to prepare. I don't know what the outcome of the war will be, but I think we should certainly have a chance to fight it. What does the district court mean when it says, after reviewing, considering the materials submitted by the parties, plural? Yes. That's an interesting point because the court says that it considered all of the material. Well, no, it didn't. It said it considered the material submitted by the parties, implying that it considered all of the materials considered by the parties. It didn't exclude any materials. It didn't say, for example, we did not consider the declaration of Mr. Shoup or the declaration of Mr. Chang. What, if anything, did you submit to contradict the declarations coming from the other side that you now label as extrinsic evidence? Well, we didn't submit anything to contradict that, Your Honor. I think, Your Honor, that was a matter of our complaint is what stands on a motion for judgment on the pleadings. And we feel that our complaint in and of itself would stand scrutiny. Did you? I think I know the answer to this. And I think you've even given it to me, but I want to make sure I got it all the way locked down. And it's a follow-on to Judge Trott's question. Did your side submit any extrinsic materials in opposition to their motion? No. Okay. No. There is one case that on its surface suggests that equitable tolling can be resolved at the pleading stage. That's the case of Lundin. However, that case is distinguishable from the present case on multiple grounds. Well, sure, you can resolve almost anything at the pleading stage if the pleading is sufficiently lousy. I see nothing intrinsic about equitable tolling that prevents it from being resolved at the pleading stage. It's just that if there's a question of material fact, then you can't do it. Right. Right. So that's why we say there is a question of material fact and it shouldn't have been dismissed at the stage of the pleading. Now, why don't we hear from the other side and you may have something to say in response. Okay. This will save you quite a bit of time. Okay. But I think we have your argument in hand. Okay. Thank you. Good morning, Your Honors. Paul Park for the Respondents, Hongbang Wu Kong, Company Limited, and M.H. Chang. As far as the extrinsic evidence that the appellant is alluding to, I think the district court, even in spite of the extrinsic evidence, ruled that from the face of the complaint, the appellant's complaint, that the reliance that they are alleging was based on a mere promise to pay, and the district court correctly ruled that that is insufficient to overcome the statute of limitations. Oh, now, come on. The complaint repeatedly says promise to pay and a reliance on the promise we forebore to sue. That in itself is enough to satisfy. Now, it turns out it may not be true or it may be that the reliance is unreasonable, but there's enough in the complaint. But, Your Honor, that is just a mere promise to pay, and that is just based the contract itself was based on the Respondent's ability to pay. Now, listen, listen to this. I'm now reading out of paragraph 27 of the complaint. Defendants once again implored plaintiffs to forbear from bringing suit to enforce the agreement. Paragraph 28, plaintiff relied on the promises of defendants and did forbear from bringing suit, as defendants requested. Why is that not sufficient? Because that's just a reliance based on an agreement to pay, and that's just based on the contract. The contract itself requested the response to pay. We may have a disagreement, then, as to what the requirements of estoppel and statute of limitations are then under California law, because this seems to me sufficient under California law. Well, Your Honor, I think the cases that are cited in the motion to dismiss, a lot of California cases, including Lundin, basically states that a mere reliance on a promise to pay is insufficient. There has to be something more. And based on the face of the complaint, there isn't anything more. Why did you choose to insert extrinsic evidence into the case at this juncture in a motion to dismiss? Well, I think the motion to dismiss addressed other issues than the statute of limitations, such as personal jurisdiction and subject matter jurisdiction. Yes, but that doesn't address the issue of why you injected extrinsic evidence at this stage in connection with the statute of limitations. Well, I think the Court could take judicial notice of the State court action where the same plaintiffs were involved in a heavily disputed litigation. That doesn't make any difference. You take judicial notice. It's still extrinsic information. Your Honor, our point is, regardless of the extrinsic evidence, based on the face of the complaint, the district court corrected that. I understand that. But why did you throw extrinsic evidence in and confuse the issue that early in the  Why didn't you move for summary judgment on that basis? Again, Your Honor, I don't know. You pulled the trigger too fast. And now we don't know what the district court did, because the district court says both. It says the complaint alleges little more than Mr. Chang promises to pay. But then on the next page, it says, furthermore, the fact that the parties were involved in a lawsuit undermines CPI's contention. So it appears that the district court relied on the extrinsic evidence in dismissing under 12b-6. I think that was just further proof on the Court's part. But the main point that the district court was relying on, and especially based on the Lundin case, is that the face of the complaint is insufficient because the reliance is based merely on a promise to pay. And California courts are clear on that point. There has to be something more. And based on the face of the complaint, the appellant is basically alleging that the Respondent continued to promise to pay, and appellants relied on that promise. I'm reading from Lundin. The Court says, significantly, plaintiff does not allege that it was encouraged to forestall filing suit on the claim. Mere allegations that plaintiff believed that the check was in the mail do not establish either ignorance of the true state of facts or reasonable reliance by plaintiff to his detriment. Your case is not Lundin because there's been a very specific allegation in the complaint. Whether true or not, whether reasonable reliance or not, there's been a very specific allegation in the complaint that, indeed, the plaintiff did allege, and I'll use now the words of Lundin, that it was, quote, encouraged to forestall filing suit on the claim. You may have to fight the war, not just rely on this premature battle. Well, Your Honor, I don't see how the plaintiffs can amend the complaint or change the complaint. I'm not speaking for the panel. In my view, the complaint is perfectly sufficient. They don't have to amend the complaint. They may have to prove what they've alleged. You may simply have to move to summary judgment. Anything further? Nothing further, Your Honor. Okay. Do you wish to respond? No, Your Honor. I'm just going to ask questions. Smart move. Never try to snatch defeat from the jaws of victory. Okay. This battle is finished, and the war is yet to come. Okay. The case of CPI Advance v. KBW-Com is submitted for decision. Thank you, both sides. We clarified things quickly, got to the point, and we'll go from here. Thank you. The case is now submitted for decision. The next case on the argument calendar is United States of America v. Rushing.
judges: Trott, W .Fletcher, Restani